# ·CASES DETERMINED

AT THE

# August Term, 1923.

---

MILWAUKEE COUNTY, Respondent, vs. W. S. SEAMAN
COMPANY, Appellant.

*March 7—October 16, 1923.*

*Taxation: Income taxes: Personal property offset: Reorganized
corporations: Identity of interest in assets and liabilities.*

1. The W. S. S. Company was organized to take over, and did take
   over, the assets of the S. B. Company, assumed its liabilities,
   and continued to do business without interruption from
   August 1, 1919. Each company was assessed for personal
   property and for income taxes for the year 1920; and the
   W. S. S. Company presented the receipt for the personal-
   property tax of the S. B. Company (which exceeded in
   amount the total income tax assessed against both companies),
   but the city treasurer refused to allow the same as an offset
   to the income tax of the W. S. S. Company. *Held,* that the
   W. S. S. Company, having assumed the liabilities of the
   prior corporation, succeeded to the right of offset of personal-
   property tax on the income tax, under sec. 1087m—26, Stats.,
   there being an identity of interest as to the two corporations
   so far as assets and liabilities are concerned.

2. The word "person" within our statutes includes corporations.

APPEAL from an order of the circuit court for Milwaukee
county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

The Seaman Body Corporation was assessed in 1920 for
income tax· $4,251.68 and for personal-property tax
$10,068.30. In the same year the *W. S. Seaman Company,*
a corporation, was assessed for income tax $1,640.54 and for
personal-property tax $191.10. The Seaman Body Cor-
poration offset its income tax by presenting its personal-
property tax receipt to the city treasurer, and at the same

time it attempted to offset the income tax of the *W. S. Seaman Company* by presenting the same receipt for personal-property tax, the personal-property tax of the Seaman Body Corporation exceeding in amount the income tax of both corporations. The defendant *W. S. Seaman Company* had an allowance on its income tax of its personal-property tax of $191.10, but the treasurer refused to allow an offset of the personal-property tax of the Seaman Body Corporation on the income tax of the *W. S. Seaman Company,* or any part thereof. The defendant company not paying its income tax, the plaintiff brought action to enforce collection. The defendant answered the complaint and set out that prior to the year 1919 the defendant carried on in the city of Milwaukee the business of manufacturing automobile bodies, with an authorized capital stock of $60,000. In 1919 the business had increased so as to require additional investment, and to obtain the capital the stockholders of the defendant company sought to and did reorganize the company by the formation of a new corporation with a capital stock of $120,000, which new corporation took over the defendant's assets, assumed its liabilities, and continued to do business without interruption from August 1, 1919. The capital stock of the new corporation was divided into 70,000 shares of preferred stock and 50,000 shares of common stock, each of the par value of one dollar. The corporation issued to the stockholders of the defendant, in exchange for their stock, 25,000 shares of common and 16,102 shares of preferred stock, and took over the entire business organization of the defendant company from July 31, 1919. The unissued common stock and a considerable portion of the preferred stock in the Seaman Body Corporation was issued to new stockholders for full consideration, which stockholders were given representation on the board of directors. Otherwise the business management and control of the Seaman Body Corporation were identical with the

management and control of the defendant. The plaintiff demurred to defendant's answer on the ground that it did not state facts sufficient to constitute a defense. The court sustained the demurrer, and defendant appealed from the order.

For the appellant there was a brief by *Fawsett & Smart,* and oral argument by *Edmund B. Shea,* all of Milwaukee.

For the respondent there was a brief by *George A. Shaughnessy,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney, and oral argument by *Mr. Sullivan.*

The following opinion was filed May 1, 1923:

CROWNHART, J. This case is one where authorities may be found to sustain the contentions of either side. We are cited to no Wisconsin case in point; hence we are at liberty to take either view. We prefer, therefore, to ground our decision on the general principles of justice. The successor of the *W. S. Seaman Company,* the Seaman Body Corporation, took over all the assets of the *W. S. Seaman Company* and became liable for all its debts, including its taxes. The plaintiff might have collected the taxes assessed to the *W. S. Seaman Company* from the Seaman Body Corporation. Justice would seem to demand that if the Seaman Body Corporation succeeded to the liabilities, including taxes, of the *W. S. Seaman Company,* it should also succeed to the right of offset of personal-property taxes on the income taxes. In other words, though the corporations were not identical, yet so far as liabilities and assets were concerned there was an identity of interest as to the two corporations.

The statute of offsets is as follows:

Sec. 1087m—26, Stats. 1919 (sec. 71.21, Stats. 1921). "Any person who shall have paid a tax assessed upon his personal property during any year shall be permitted to present the receipt therefor to the tax collector, together

with any similar receipts for personal property taxes paid by members of his family whose incomes have been assessed to him, and have the same accepted by the tax collector to their full amount in the payment of income taxes assessed against such person during said year."

The word "person" in our statutes includes corporations, and we hold that the two corporations were one and the same person, in law, in the assessment and payment of taxes.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.

A motion for a rehearing was denied, without costs, on October 16, 1923.