WISCONSIN PUBLIC SERVICE CORPORATION, Respondent, vs. TAX COMMISSION OF WISCONSIN and others, Appellants.

*February 4—March 5, 1929.*

For the appellants the cause was submitted on the brief of the *Attorney General* and *Franklin E. Bump,* assistant attorney general.

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Paul R. Newcomb,* all of Milwaukee.

OWEN, J.   The Wisconsin Public Service Corporation and the Menominee & Marinette Light & Traction Company

are two separate and distinct domestic public utility corporations. For brevity, the former will be referred to herein as the Service Company and the latter as the Traction Company.

The Service Company owns all of the stock and bonds of the Traction Company. The officers of the Service Company hold the similar offices of the Traction Company. The Service Company was assessed an income tax upon the dividends and interest received by it upon its stock and bonds of the Traction Company. It claims that this income is exempt under the provisions of sec. 71.05 (3), Stats. 1925, which exempts from income taxes "Incomes derived from property and privileges by persons now required by law to pay taxes or license fees directly into the treasury of the state in lieu of taxes, and such persons shall continue to pay taxes and license fees as heretofore."

By the provisions of ch. 76, Stats., the physical properties of both of these companies are assessed by the Tax Commission and they pay their taxes directly into the state treasury. Said ch. 76 was originally enacted by ch. 315, Laws of 1903. Sec. 76.23 thereof provides that taxes so imposed shall be in lieu of all other taxes on such property necessarily used in the operation of the business of such companies in this state, and that the taxes so imposed and paid by such companies shall also be in lieu of all taxes on the shares of stock of such companies owned or held by individuals of this state, and such shares of stock in the hands of individuals shall be exempt from further taxation. This law was passed before the income tax law was enacted and, consequently, the original provision just referred to did not exempt the income arising from such property from the payment of an income tax, but by the provisions of sec. 71.05 (3) the income tax law itself exempted "Incomes derived from property and privileges by persons now required by law to pay taxes or license fees directly into the treasury of the state in lieu of taxes." Manifestly this means that no income tax shall be assessed upon

incomes arising from property and privileges, taxes or license fees upon which are paid directly into the state treasury of the state. It means that the owner of property thus assessed and taxed shall be exempt from an income tax upon income arising from such property.

While ch. 76 exempts from the forms of taxation existing at the time of its passage the shares of stock held by individuals in corporations assessed and taxed under the provisions of said chapter, the income tax law does not exempt income taxes upon dividends received on such shares. The owner of the stock is not required to pay taxes into the state treasury upon such stock. In fact, such stock is not assessable at all. The property owned by the Service Company upon which the income tax in question was assessed was stock and bonds of the Service Company. On this property it paid no tax under any form of taxation.

The Service Company contends, however, that it was in fact the owner of the Traction Company: this because it owned all of the stock and bonds of the Traction Company, had control of its affairs, and, in fact, managed and directed the business of the Traction Company. The Traction Company, however, was a distinct corporate entity. The title to the property was in the Traction Company. It was assessed to, and the taxes thereon were paid by, the Traction Company into the state treasury. Unless the doctrine of distinct corporate entities be ignored, it cannot be said that in law the Service Company owned the property of the Traction Company.

But it is said that the situation here presented is governed by *Wisconsin Electric Power Co. v. Lake,* 186 Wis. 199, 202 N. W. 195. In that case the Wisconsin Electric Power Company owned forty-nine acres of land in the town of Lake with an electric power plant thereon which it leased to the Milwaukee Electric Railway & Light Company for a stipulated rental. Both of these companies were public util-

ity companies and both were assessable for the purposes of taxation under ch. 76. The plant so leased was assessed for the purposes of taxation as a part of the plant or property of the Milwaukee Company. An income tax was assessed to the Wisconsin Company upon the rentals received under the terms of the lease. This court held such income was exempt. That presented a situation coming under the plain terms of the statute. Sec. 76.02 (9) provides as follows:

"Every person or company operating a railroad, or a street railway, or the property of a light, heat and power company, or a line or lines of telegraph in this state, with all appliances and property connected and used therewith in the railroad, street railway, telegraph or light, heat and power service, as the case may be, shall be the representative of every title and interest in the property so operated and used either as owner, lessee or otherwise, and notice to the operating company shall be notice to all interests in the property for the purposes of taxation. The assessment and taxation of the property of any company in the name of the owner, lessee or operating company shall be deemed and held an assessment and taxation of all the title and interest in such property of every kind or nature."

The assessment of the taxes of the Wisconsin Company, the lessor, to the Milwaukee Company, the lessee, was especially authorized by the foregoing provision of the statutes, and that assessment included the interest of the Wisconsin Company therein. It will be seen that the statute contemplates but one assessment of such property. Such assessment may be in the name of the owner, the lessee, or the operating company; but in whosesoever name it is assessed, it shall include every interest therein. The income coming to the Wisconsin Company for rent was income derived from property, taxes upon which were paid directly into the state treasury. An income tax upon that income is plainly exempted by sec. 71.05 (3). This case presents a very different situation from the one under consideration in that case.

In this case the Service Company owned no interest whatever in the property belonging to the Traction Company. The title to the property was securely vested in the Traction Company. It was assessed to, and the taxes thereon were paid by, the Traction Company. The earnings belonged to the Traction Company until paid out to stockholders in the form of dividends. It is conceded that any person other than a public utility would be subject to an income tax upon such dividends. Because the plaintiff is a public utility and pays taxes upon property owned by it into the state treasury, it is not for that reason exempt from paying an income tax upon property which is not so assessed. This is conceded in this very case by the Service Company, which admits its liability for an income tax based upon earnings of property not a part of its public utility. These considerations also distinguish *Merrill R. & L. Co. v. Merrill,* 119 Wis. 249, 96 N. W. 686, and *Superior v. Allouez Bay Dock Co.* 166 Wis. 76, 164 N. W. 362, relied upon by respondent.

Furthermore, the obvious reason for exempting public utilities from income taxes does not apply to this situation. The rates of public utilities are under the control of the state. All taxes imposed upon them must swell the rates which they are permitted to charge. As a matter of public policy, therefore, ch. 76 exempts public utilities from all forms of taxation except that provided by said ch. 76. For like reason the income tax law exempts them from the payment of income taxes. But the income tax assessed against the plaintiff would have no influence upon the rates which the Traction Company should be permitted to charge. The income tax here in question is not an expense of the Traction Company to be recouped by it in higher rates. It may be difficult to explain why in the original law, ch. 76, shares of stock of such companies in the hands of individuals were exempt from taxation and the income arising from such shares was

subjected to an income tax under the provisions of the taxation law. That, however, does not call for explanation. It is sufficient that the legislature so provided.

*Miller v. Tax Comm.* 195 Wis. 219, 217 N. W. 568, relied upon to some extent by the respondent, has no application to this case. The doctrine of separate corporate entities was not there ignored, but it was held that the transaction did not give rise to any income upon which an income tax could be assessed.

Neither does *Milwaukee County v. W. S. Seaman Co.* 181 Wis. 323, 193 N. W. 513, furnish a precedent entitling the respondent to relief from the income tax assessed. That case is regarded as justifying the application of equitable principles in the administration of taxation laws. This is no doubt based upon a declaration in the opinion to the effect that as there was a conflict of authority, "we prefer to ground our decision on the general principles of justice." It was not by that statement intended to indicate that there is any room for the application of equitable principles in the construction or administration of taxation statutes. The question debated in that case was whether the transaction under consideration constituted merely a reorganization of the W. S. Seaman Company, and we held that it did, so far as the assessment and payment of taxes were concerned. Although in coming to this conclusion we might have been influenced somewhat by "general principles of justice," we did not intend to establish a precedent justifying the evasion of plain provisions of taxation statutes to avoid a harsh result.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the assessment of the Tax Commission.