M.S. KIND ASSOCIATES, INC., Plaintiff-Appellant, v. MARK EVAN PRODUCTS, INC., Defendant-Appellee.

First District (2nd Division)   No. 1—90—0365

Opinion filed November 19, 1991.

James P. Moran, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Andrew G. Witik, of counsel), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff M.S. Kind Associates, Inc. (Kind), filed a complaint in circuit court based on the Sales Representative Act (Ill. Rev. Stat. 1987, ch. 48, pars. 2252 *et seq.*) (the Act), charging that defendant Mark Evan Products, Inc. (Evan), violated the Act and their contract by failing to pay it certain commissions. The court held that a corporate sales representative is not a "person" under the Act and dismissed the complaint. Kind appeals.

The disputed provision of the Act reads as follows:

"§1. As used in this Act:

* * *

(3) 'Principal' means a sole proprietorship, partnership, corporation or other business entity whether or not it has a permanent or fixed place of business in this State and which:

(A) Manufactures, produces, imports, or distributes a product for wholesale;

(B) Contracts with a sales representative to solicit orders for the product; and

(C) Compensates the sales representative, in whole or in part, by commission.

(4) 'Sales representative' means a *person* who contracts with a principal to solicit wholesale orders within this State and who is compensated, in whole or in part, by commission, but shall not include one who places orders or purchases for his own account for resale, one who qualifies as an employee of the principal pursuant to the Illinois Wage Payment and Collection Act [(Ill. Rev. Stat. 1987, ch. 48, par. 39m—1 *et seq.*)] or one who sells products to the ultimate consumer." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 48, par. 2251.)

Kind asserts that even though the Illinois legislature failed to include corporations within the definition of "sales representative," the term "person" nevertheless includes corporate entities. We agree.

●■ ■ "When the terms of a statute are not specifically defined, the words must be given their ordinary and popularly understood meanings [citations], but the words must also be construed with reference to the purposes and objectives of the statute." (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 366.) It is now commonplace for our courts to hold that a corporation is embraced within the term "person." For example, a corporation is a "person" within the meaning of the fourteenth amendment. (*Metropolitan Life Insurance Co. v. Ward* (1985), 470 U.S. 869, 875, 84 L. Ed. 2d 751, 757, 105 S. Ct. 1676, 1680.) Indeed, 80 years before *Ward*, the Illinois Supreme Court recognized that "[a] corporation is a 'person' within the meaning of the concluding clause of the first section of the fourteenth amendment." (*In re Estate of Speed* (1905), 216 Ill. 23, 29.) Accordingly, if a corporation can be deemed to be a person for due process and equal protection purposes, we fail to apprehend why it should not be regarded as a person entitled to invoke the provisions of a simple State legislative enactment such as the Sales Representative Act.

■ Moreover, in construing the meaning of "person" as used in the Act, it is important to do so "with reference to the purposes and objectives of the statute." (*Niven*, 109 Ill. 2d at 366.) The General Assembly has patently found it desirable to promulgate the statute at issue here in order to protect commissioned sales representatives who solicit *wholesale* orders only, who do not sell to the ultimate consumer, and who, by definition, do not qualify as employees entitled to the protections of the Illinois Wage Payment and

Collection Act. (Ill. Rev. Stat. 1987, ch. 48, par. 39m—1 *et seq.*; Ill. Rev. Stat. 1987, ch. 48, par. 2251.) Since "[o]ne or more incorporators may organize a corporation under" the Business Corporation Act of 1983 (Ill. Rev. Stat. 1989, ch. 32, par. 2.05), it would be logical for the General Assembly to assume that sales representatives incorporate, as others do, in order to avail themselves of the advantages that incorporation allows.

■ Thus, the "purposes and objectives of the statute" (*Niven*, 109 Ill. 2d at 366) become clear, for it would make little if any sense to enact legislation benefitting the sales representative as an individual, but deny him coverage if he chooses to do business in accordance with an exceedingly common form of enterprise: the corporation. In sum, we decline to nullify the benefits which the legislature has so manifestly conferred on sales representatives merely because they perform an act so undeniably benign as taking on corporate status. It would be an absurd result, indeed, if our courts were to hold that a sales representative could recover commissions wrongfully withheld from him if he engages in trade as an individual, but deny him that compensation and allow the manufacturer a windfall in cases where, fortuitously, the representative chooses the corporate form under which to do business, an election the legislature unconditionally makes available to him. Surely, the General Assembly never intended such a result.

Therefore, we hold that the word "person," as used in the Sales Representative Act, includes a corporation; and for all of the foregoing reasons, the judgment of the circuit court is reversed and remanded for further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.

DiVITO and McCORMICK, JJ., concur.