Industry to Industry, Inc., Plaintiff-Appellant,

v.

Hillsman Modular Molding, Inc., Defendant-Respondent.†

Court of Appeals

*No. 00–2180. Submitted on briefs June 6, 2001.—Decided July 3, 2001.*

2001 WI App 177

(Also reported in 633 N.W.2d 245.)

† Petition to review granted 10-23-01.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Stephen L. Fox* of *Schmidt & Rupke, S.C.* of Brookfield.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *David H. Hutchinson* and *John E. Machulak* of *Machulak, Hutchinson, Robertson & O'Dess, S.C.* of Milwaukee.

On behalf of the Wisconsin Association of Manufacturers Agents, Inc., there was an amicus curiae brief by *David J. Edquist* and *Thomas J. Kammerait* of *von Briesen, Purtell & Roper, S.C.* of Milwaukee.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J.    Industry to Industry, Inc., appeals from a nonfinal order of the trial court awarding partial summary judgment to Hillsman Modular Molding, Inc. Industry argues that the trial court erred when it determined that the definition of "independent sales representative," as defined in Wisconsin's Sales Representative's Act, WIS. STAT. § 134.93 (1999–2000),[1] does not include corporations. We agree with Industry and reverse the order of the trial court.

## FACTS

¶ 2.    Industry is a manufacturer's representative and Hillsman, a Florida-based business, makes custom injection plastic parts. Industry had been Hillsman's Wisconsin representative since 1971. On May 6, 1999,

---

[1] All statutory references are to the 1999–2000 version unless otherwise noted.

138

Hillsman terminated its twenty-eight year relationship with Industry, to be effective August 6, 1999. Industry alleges that on that date, Hillsman's Wisconsin customers had submitted a substantial number of purchase orders for parts Hillsman later produced, but Hillsman refused to pay Industry commissions on the purchase orders unfilled as of August 6, 1999.[2]

¶ 3. On August 6, 1999, Industry filed suit against Hillsman alleging that Hillsman's failure to pay these commissions constituted both a breach of contract and a violation of the Wisconsin Sales Representative's Act, Wis. Stat. § 134.93. Industry also alleged that Hillsman violated the parties' agreement that Industry was to be Hillsman's exclusive Wisconsin representative by impermissibly selling directly to certain Wisconsin customers.

¶ 4. On May 5, 2000, Hillsman filed a motion for partial summary judgment requesting dismissal of Industry's Wis. Stat. § 134.93 claim. Hillsman alleged that Industry, as a corporation, did not meet the definition of "independent sales representative" as set forth in § 134.93. The trial court, holding that § 134.93 was ambiguous, agreed that Industry did not qualify as an independent sales representative under the language of § 134.93, granted Hillsman's motion for partial summary judgment and dismissed the § 134.93 claim.

¶ 5. Industry petitioned this court for leave to appeal this nonfinal order granting Hillsman's motion for summary judgment, and we concluded that a grant of permissive appeal was warranted.

---

[2] Hillsman challenges this allegation, but this dispute is not relevant to our determination.

## DISCUSSION

¶ 6.   The sole issue presented in this interlocutory appeal concerns the interpretation of WIS. STAT. § 134.93. Statutory construction is a question of law that we review de novo. *Wis. Cent. Ltd. v. DOR*, 2000 WI App 14, ¶ 9, 232 Wis. 2d 323, 606 N.W.2d 226, *review granted*, 2000 WI 36, 234 Wis. 2d 175, 612 N.W.2d 732 (Wis. Mar. 20, 2000) (No. 99–0194). The purpose of statutory interpretation is to ascertain the intent of the legislature. *Id*. We must first consider the language of the statute; if the language of the statute is clear and unambiguous, we apply that language to the case at hand and do not look beyond the statutory language to determine its meaning. *Id*. A statute is ambiguous if it is capable of being understood in two or more different approaches by reasonable persons. *Id*. If we determine that a statute is ambiguous, we can then look to the subject matter, object, context and history of the statute in order to ascertain legislative intent. *Id*. However, a statute is not rendered ambiguous merely because two parties disagree as to its meaning. *State v. Kienitz*, 221 Wis. 2d 275, 293, 585 N.W.2d 609 (Ct. App. 1998), *aff'd*, 227 Wis. 2d 423, 597 N.W.2d 712 (1999).

¶ 7.   WISCONSIN STAT. § 134.93 addresses payment of commissions to independent sales representatives and states, in relevant part:

(1) DEFINITIONS. In this section:

. . . .

(b) "Independent sales representative" means a person, other than an insurance agent or broker, who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by

140

commission. "Independent sales representative" does not include any of the following:

1. A person who places orders or purchases products for the person's own account for resale.

2. A person who is an employee of the principal and whose wages must be paid as required under s. 109.03.

It is this definition of "independent sales representative," particularly the meaning of the word "person," that instigated this appeal.

¶ 8.  Hillsman's summary judgment motion argued that the definition of "independent sales representative" was ambiguous. The trial court agreed with Hillsman; it is unclear whether the trial court summarily concluded that Wis. Stat. § 134.93 was ambiguous without any analysis or examination of the language of the statute itself, or concluded that the legislative history of § 134.93 rendered it ambiguous. Furthermore, Hillsman argued, and the trial court concurred, that Industry did not qualify as an independent sales representative under the ambiguous language of the statute because as a corporation and not a human being, Industry was not a "person" as set forth in the statute. We disagree with both conclusions.

¶ 9.  Examining legislative history of a statute presupposes ambiguity. One cannot look to a statute's legislative history to evaluate ambiguity; it is only after ambiguity is determined that we resort to legislative history. *Dorr v. Sacred Heart Hosp.*, 228 Wis. 2d 425, 436–37, 597 N.W.2d 462 (Ct. App.), *review dismissed,* 230 Wis. 2d 276, 604 N.W.2d 574 (Wis. Sept. 20, 1999) (No. 98–1772). We must first examine the plain language of the statute. *Id.* at 436.

¶ 10. Again, Wis. Stat. § 134.93(1)(b) defines "independent sales representative" as "a person, other than an insurance agent or broker, who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission." The question is whether Industry, as a corporation, qualifies as a "person." Hillsman argues that the plain and ordinary meaning of "person" excludes corporations. We disagree. Hillsman completely ignores the explicit provisions of Wis. Stat. § 990.01(26).

¶ 11. Wisconsin Stat. § 990.01(26) states:

In the construction of Wisconsin laws the words and phrases which follow shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature:

. . . .

(26) Person. "Person" includes all partnerships, associations and bodies politic or corporate.

Wisconsin law mandates that when a statute uses the word "person," it includes associations and bodies corporate unless such a construction would produce a result inconsistent with the manifest intent of the legislature. *Milwaukee Area Joint Plumbing Apprenticeship Comm. v. DILHR*, 172 Wis. 2d 299, 317 n.10, 493 N.W.2d 744 (Ct. App. 1992).

¶ 12. Furthermore, a "person" is defined as "1. A human being. 2. An entity (such as a corporation) that is recognized by law as having the rights and duties of a human being." Black's Law Dictionary 1162 (7th ed. 1999). In contrast, a "natural person" is defined as a "human being, as distinguished from an artificial person created by law." *Id.*

¶ 13.   Here, in enacting Wis. Stat. § 134.93, the legislature employed the word "person" instead of "natural person." We assume that the legislature enacts laws with full knowledge of existing statutes; consequently, the legislature must have enacted § 134.93 using the word "person" with full knowledge of the definition of "person" provided in Wis. Stat. § 990.01(26). We reasonably presume that the legislature chose its words carefully and precisely to express its meaning. *Ball v. Dist. No. 4, Area Bd. of Vocational, Technical & Adult Educ.*, 117 Wis. 2d 529, 539, 345 N.W.2d 389 (1984). Thus, with knowledge of the definition of "person" in § 990.01(26), we presume that in utilizing "person," the legislature intended for a "person" in § 134.93 to include corporations. Corporations, as in "person," can be considered "independent sales representatives" under § 134.93.

## CONCLUSION

¶ 14.   The language of Wis. Stat. § 134.93 unambiguously employs the word "person" which, as defined under Wis. Stat. § 990.01(26), includes not only natural persons but also all partnerships, associations and bodies politic or corporate. We therefore reverse the order of the trial court.

*By the Court.*—Order reversed.