INDUSTRY TO INDUSTRY, INC., Plaintiff-Appellant,

v.

HILLSMAN MODULAR MOLDING, INC., Defendant-Respondent-Petitioner.

Supreme Court

*No. 00–2180. Oral argument March 5, 2002.—Decided May 17, 2002.*

2002 WI 51

(Also reported in 644 N.W.2d 236.)

For the defendant-respondent-petitioner there were briefs by *David H. Hutchinson,* New Berlin, and oral argument by *David H. Hutchinson.*

For the plaintiff-appellant there was a brief by *Stephen L. Fox* and *Schmidt & Rupke, S.C.,* Brookfield, and oral argument by *Stephen L. Fox.*

An amicus curiae brief was filed by *David J. Edquist, Thomas J. Kammerait* and *von Briesen, Purtell & Roper, S.C.,* Milwaukee, on behalf of the Wisconsin Association of Manufacturers' Agents, Inc., with oral argument by *David J. Edquist.*

¶ 1. N. PATRICK CROOKS, J. Hillsman Modular Molding, Inc. seeks review of a published court of appeals' decision, *Industry to Industry, Inc. v. Hillsman Modular Molding, Inc.,* 2001 WI App 177, 247 Wis. 2d 136, 633 N.W.2d 245, reversing the circuit court's partial summary judgment order. The sole issue here involves interpretation of Wisconsin's Sales Representatives Act, Wis. Stat. § 134.93 (1999–2000).[1] Specifically, we decide whether the term "person" in the definition of "independent sales representative" in § 134.93(1)(b), includes a corporation. Based on the unambiguous language of the statute, the common and ordinary meaning of the term "person," and the relevant

---

[1] All statutory references are to the 1999–2000 version unless otherwise noted.

language of the entire statute, we agree with the court of appeals, and conclude that it does include a corporation.

I

¶ 2.  The relevant facts are not in dispute. This case arises out of a contract between Industry to Industry, Inc. (hereinafter "Industry") and Hillsman Modular Molding, Inc. (hereinafter "Hillsman"). Hillsman is a Florida-based business that manufactures custom injection plastic parts. Industry is a Wisconsin corporation that operates as an independent sales representative, otherwise referred to as a manufacturer's representative. Industry has been Hillsman's Wisconsin representative since 1971. On May 6, 1999, Hillsman terminated its relationship with Industry.[2]

¶ 3.  The termination was effective on August 6, 1999, and on that date, Industry filed suit against Hillsman in Waukesha County Circuit Court. Industry alleged that Hillsman refused to pay commissions on orders prior to August 6, 1999, and that this refusal to pay constituted a breach of contract and violated the Wisconsin Sales Representative Act, Wis. Stat. § 134.93.

¶ 4.  Hillsman subsequently filed a motion for partial summary judgment, asking the court to conclude that Industry, a corporation, cannot bring a statutory claim under Wis. Stat. § 134.93(1)(b) because a corporation is not a "person" within the definition of "independent sales representative." The Honorable James R.

---

[2] The parties discuss several facts in their briefs, including the alleged reasons for terminating the relationship, that we conclude are irrelevant to our resolution of the issue before us. We, therefore, limit our discussion to the relevant facts necessary to decide only the statutory interpretation question.

Kieffer, circuit judge, granted Hillsman's motion. The circuit court concluded that § 134.93 was ambiguous, and therefore turned to the legislative history of the statute, particularly 1997 Senate Bill 226 and Chapter 109, to determine the meaning of "independent sales representative." The court ultimately analogized to the definition of "employee" in Chapter 109 and held that "independent sales representative" was intended to apply only to natural persons, not corporations. The court also concluded that this interpretation did not render the statute unconstitutional under the theory of equal protection.

¶ 5.  Industry sought leave to appeal the circuit court's nonfinal order, and the court of appeals handled the interlocutory appeal. In a published decision, the court of appeals reversed the circuit court's order, concluding that the definition of "independent sales representative" unambiguously includes corporations. *Industry*, 2001 WI App 177, ¶ 13. The court primarily relied on the definition of "person" in Wis. Stat. § 990.01(26), which explicitly includes corporations. *Id.* at ¶ 11. The court reasoned, "the legislature must have enacted § 134.93 using the word 'person' with full knowledge of the definition of 'person' provided in § 990.01(26)," and that the legislature, therefore, intended for "person" in § 134.93 to included corporations. *Id.* at ¶ 13. Hillsman subsequently petitioned this court for review, which we granted.

II

¶ 6.  The sole issue in this case requires interpretation of Wis. Stat. § 134.93. Statutory interpretation is a question of law that we review independently, benefit-

ing from the decisions of the court of appeals and the circuit court. *Landis v. Physicians Ins. Co.,* 2001 WI 86, ¶ 13, 245 Wis. 2d 1, 628 N.W.2d 893. The purpose of statutory interpretation is to determine the intent of the legislature. *McEvoy v. Group Health Coop.,* 213 Wis. 2d 507, 528, 570 N.W.2d 397 (1997). We must determine first whether or not the statute's language clearly and unambiguously sets forth the intent of the legislature. *Landis,* 2001 WI 86, ¶ 14. If the statute is unambiguous and clearly sets forth the legislative intent, we do not look beyond the statutory language itself and simply apply the statute to the case at hand. *Id.*

¶ 7.   In contrast, if the language of the statute is ambiguous, the court must resort to judicial construction. *Id.* at ¶ 15 (citing *Kelley Co. v. Marquardt,* 172 Wis. 2d 234, 247–48, 493 N.W.2d 68 (1992)). A statute is ambiguous if it is capable of being understood by a reasonable person in either of two senses. *Reyes v. Greatway Ins. Co.,* 227 Wis. 2d 357, 365, 597 N.W.2d 687 (1999). A statute is not rendered ambiguous, however, merely because two parties disagree as to its meaning. *Forest County v. Goode,* 219 Wis. 2d 654, 663, 579 N.W.2d 715 (1998). If the statute is ambiguous, we then look to extrinsic factors, including legislative history, and the statute's scope, context and subject matter, to determine the intent of the legislature. *Landis,* 2001 WI 86, ¶ 15.

¶ 8.   We additionally recognize two other tenets of statutory interpretation. First, "it is [] well established that courts must not look at a single, isolated sentence or portion of a sentence, but at the role of the relevant language in the entire statute." *Alberte v. Anew Health Care Serv.,* 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605

N.W.2d 515 (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 51 (1987)). Second, when interpreting a statute, we must "attempt to give effect to every word of a statute, so as not to render any portion of the statute superfluous." *County of Jefferson v. Renz,* 231 Wis. 2d 293, 305, 603 N.W.2d 541 (1999).

¶ 9. We now look to the language of Wis. Stat. § 134.93 to determine if the statute is clear and unambiguous. Wisconsin Stat. § 134.93(1) states in relevant part:

(b)  "Independent sales representative" means a person, other than an insurance agent or broker, who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission. "Independent sales representative" does not include any of the following:

1.  A person who places orders or purchases products for the person's own account for resale.

2.  A person who is an employee of the principal and whose wages must be paid as required under s. 109.03.

(c)  "Principal" means a sole proprietorship, partnership, joint venture, corporation or other business entity, whether or not having a permanent or fixed place of business in this state, that does all of the following: . . . .

The issue here focuses on the word "person," as the parties dispute whether "person" in the definition of "independent sales representative" includes a corporation. Before addressing the parties' arguments, however, we look to Wisconsin Statutes Chapter 990, relat-

551

ing to construction of statutes. Specifically, we turn to § 990.01, which states in relevant part:

> In the construction of Wisconsin laws the words and phrases which follow shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature:
>
> . . . .
>
> (26)  PERSON. "Person" includes all partnerships, associations and bodies politic or corporate.

¶ 10.   Hillsman argues that Wis. Stat. § 134.93 is unambiguous, and that the stark contrast between the definitions of "principal" and "independent sales representative" shows that Industry, a corporation, is not entitled to a statutory claim or cause of action. According to Hillsman, if the legislature wanted to include corporations as "independent sales representatives," it would have done so by explicitly including corporations in the definition. Hillsman contends that the definition of person provided in § 990.01(26) adds nothing to this case, because it simply dictates the fundamental rules of statutory construction.[3]

---

[3] Hillsman and Industry make several arguments that we do not discuss here. Specifically, the parties present arguments regarding the purpose of the statute and legislative history. In asking this court to consider the legislative history of Wis. Stat. § 134.93, Hillsman argues that there is a relationship between § 134.93 and Chapter 109, as the legislature intended to extend the extraordinary remedies for employees in Chapter 109 to independent sales representatives in § 134.93. Furthermore, Industry argues that unless § 134.93 includes corporations, the statute violates the equal protection clauses of the United States and Wisconsin constitutions. In response, Hillsman contends that interpreting the statute to exclude corporations is not a constitutional violation. We do not address these

¶ 11. To support its position, Hillsman relies on *J.S. DeWeese Co. v. Hughes-Treitler Mfg. Corp.*, 881 S.W.2d 638 (Mo. Ct. App. 1994), where the Missouri Court of Appeals faced the same issue, interpretation of the term "person" under a statute relating to sales commissions. The court held that the "stark" contrast in the statutory definitions of "principal" and "sales representative," which both included the word "person," required the court to hold that the remedy for a "sales representative" was intended only for natural persons, and not corporations. *DeWeese*, 881 S.W.2d at 643. The statute at issue in that case included these definitions:

> (2)    "Principal," a *person,* firm, corporation, partnership or other business entity, whether or not it has a permanent or fixed place of business in this state . . .

> (3)    "Sales Representative," a *person* who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission . . . .

*Id.* (citing Mo. Rev. Stat. § 407.911 (1986) (emphasis added)). The court reasoned that in order to follow the rules of statutory construction, and give meaning to each word in the statute, it necessarily concluded that "person" in the definition of "sales representative" does not include corporations. *Id.* To find otherwise, "the inclusion of 'firms, corporations, partnerships, or other business entities' in addition to 'person', within the definition of 'principal' would be repetitious and of no

arguments, however, because we conclude that the statute is unambiguous, and that the unambiguous language includes corporations. Consequently, we do not address the statute's legislative history nor do we find it necessary to discuss the parties' equal protection arguments.

significance." *Id.* The court consequently determined that the legislature was presumed not to enact meaningless provisions, therefore, "person," in the definition of "sales representative" applied only to natural persons.

¶ 12. Industry too argues that the statutory language is unambiguous; however, in contrast to Hillsman's position, Industry contends that reading Wis. Stat. § 134.93, under the rules of construction and applying the definition of "person" in § 990.01(26), the term "person" in § 134.93 unambiguously includes corporations. Industry alleges that Hillsman cannot show the legislature's "manifest intent" not to include corporations under the statute, so the definition of person in § 990.01(26) controls.

¶ 13. Industry distinguishes *DeWeese* because the Missouri statute's use of the word "person" in the definitions of "principal" and "sales representative" is significantly different than § 134.93. According to Industry, the crucial distinction is that the word "person" is used in both Missouri definitions, and in the definition of "principal," the term "person" is juxtaposed with the terms "firm, corporation, partnership or other business entity." The Missouri court, therefore, reasonably concluded that the term "person" was intended only to mean natural person. Industry argues that the Missouri court's interpretation is not helpful here, because in § 134.93, the term "person" is not included in the definition of "principal."

¶ 14. Instead of *DeWeese,* Industry asks the court to follow *M.S. Kind Associates, Inc. v. Mark Evan Products, Inc.,* 584 N.E.2d 180 (Ill. App. Ct. 1991). In *M.S. Kind,* the Illinois Court of Appeals faced the same question—statutory interpretation of the term "person"

in the Sales Representative Act. *Id.* at 180–81. The statute included the following definitions:

> (3)    "Principal" means a sole proprietorship, partnership, corporation or other business entity whether or not it has a permanent or fixed place of business in this State . . . .

> (4)    "Sales representative" means a *person* who contracts with a principal to solicit wholesale orders within this state and who is compensated, in whole or in part by commission, but shall not include one who places orders or purchases for his own account for resale, one who qualifies as an employee of the principal . . . or one who sells products to the ultimate consumer.

*Id.* at 180 (citing Ill. Rev. Stat. 1987, ch. 48, par. 2251 (emphasis added)). The court first discussed the rules of statutory construction, and then relied on the United States Supreme Court's decision in *Metropolitan Life Insurance Co. v. Ward,* 470 U.S. 869, 875 (1985), holding that a corporation is a person within the meaning of the Fourteenth Amendment. *M.S. Kind,* 584 N.E.2d at 181. The Illinois court ultimately concluded that the term "person" included corporations. *Id.* The court stated:

> It would be an absurd result, indeed, if our courts were to hold that a sales representative could recover commissions wrongfully withheld from him if he engages in trade as an individual, but deny him that compensation and allow the manufacturer a windfall in cases where, fortuitously, the representative chooses the corporate form under which to do business, an election the legislature unconditionally makes available to him. Surely, the General Assembly never intended such a result.

*Id.*

¶ 15. Industry argues that we should follow *M.S. Kind,* rather than *DeWeese,* because Wis. Stat. § 134.93 is more analogous to the Illinois statute than the Missouri statute. Specifically, Industry points to the fact that neither the Wisconsin nor the Illinois statutes include the term "person" in the definition of "principal." Consequently, the "stark contrast" between the definitions of "principal" and "independent sales representative" that the Missouri court relied on, and that Hillsman argues before this court, is not present in the Wisconsin Statute.

¶ 16. We agree with Industry and the court of appeals' decision in this case. We conclude that Wis. Stat. § 134.93 clearly and unambiguously includes corporations.

¶ 17. We first examine the popular and ordinary meaning of the term "person" as it is used in Wisconsin. Historically, we have interpreted the term "person" to include corporations. *See Country Motors v. Friendly Finance Corp.,* 13 Wis. 2d 475, 477, 109 N.W.2d 137 (1961) ("The word 'person' in our statutes includes a corporation . . . ."); *State ex. rel. Torres v. Krawczak,* 217 Wis. 593, 599, 259 N.W. 607 (1935) ("A corporation is generally considered as a person within the meaning of the word 'person' in the statutes."); *Milwaukee County v. W.S. Seaman Co.,* 181 Wis. 323, 326, 193 N.W. 513 (1923) ("The word 'person' in our statutes includes corporations . . . ."). Furthermore, the United States Supreme Court, in *Ward,* held that a corporation is a "person" within the meaning of the Fourteenth Amendment. *Ward,* 470 U.S. at 875.

¶ 18. In addition to case law interpretations, the popular and ordinary meaning of the term "person" is

556

evidenced by the statutory definition in Wis. Stat. § 990.01(26). Significantly, § 990.01(26) defines "person" explicitly to include corporations. According to the statutory rules of construction, when construing statutes, we follow the given statutory definition "unless such construction would produce a result inconsistent with the manifest intent of the legislature." Wis. Stat. § 990.01. Therefore, we will apply the definition of person in § 990.01(26) here, unless we conclude that it is contrary to the manifest intent of the legislature.

¶ 19. We are convinced that including corporations in the term "person," within the definition of "independent sales representative," is consistent with the *manifest* intent of the legislature. As Industry notes in its brief, applying the statutory definition must produce an interpretation that is more than simply inconsistent with the legislative intent; it must be inconsistent with the *manifest* intent of the legislature.[4] "Manifest" is defined as "[c]learly apparent to the sight or understanding; obvious." *The American Heritage Dictionary of the English Language* 763 (2d ed. 1985); *see also State v. Faucher,* 220 Wis. 2d 689, 697–98, 584 N.W.2d 157 (Ct. App. 1998) (in the context of a juror's manifest bias, using dictionary definition of manifest, meaning "readily perceived by the senses; evident"). It is neither "clearly apparent" nor "obvious" that the legislature intended corporations *not* to be included within the definition of "independent sales representative." If the legislature wanted to ensure that corporations would not be included, it could have used

---

[4] The non-party brief of Wisconsin Association of Manufacturers' Agents, Inc. makes the same argument.

the term "natural person" rather than "person."[5] If the legislature intended to use the term "natural person" in Wis. Stat. § 134.93(1)(b), we believe that it would have done so. We, therefore, agree with the court of appeals' conclusion: "Thus, with knowledge of the definition of 'person' in § 990.01(26), we presume that in utilizing 'person,' the legislature intended for a 'person' in § 134.93 to include corporations." *Industry,* 2001 WI App 177, ¶ 13. Accordingly, we decline to abandon the common and ordinary meaning, and the statutory definition in § 990.01(26), because we conclude that applying this definition of "person" is not contrary to the manifest intent of the legislature.

¶ 20. Although we base our decision here on the clear and unambiguous language of the statute itself, we find further support for our conclusion that the term "person" in Wis. Stat. § 134.93 unambiguously includes corporations when we consider the use of the term "person" in the entire statute. *See Alberte,* 2000 WI 7, ¶ 10 (courts must look at the role of the relevant language in the entire statute rather than looking at a single, isolated sentence); *Renz,* 231 Wis. 2d at 305. First, we reject Hillsman's argument, asking us to rely

[5] We presume that the legislature "carefully and precisely" chooses statutory language to express a desired meaning. *Ball v. Dist. No. 4, Area Bd. of Vocational, Technical & Adult Educ.,* 117 Wis. 2d 529, 539, 345 N.W.2d 389 (1984). In doing so, the legislature explicitly chooses between the terms "person" and "natural person." In fact, we note that the legislature has chosen to use the term "natural person," rather than the term "person," at least one hundred and twenty-five times in the Wisconsin Statutes. *See, e.g.,* Wis. Stat. §§ 19.42, 29.024, 29.537, 29.614, 30.40, 30.47, 40.02, 44.47, 48.62, 66.1103, 71.01, 77.61, 88.42, 93.17, 94.67, 125.65, 180.0103, 215.512.

on *DeWeese* and find a "stark contrast" between the definitions of "principal" and "independent sales representative." We decline to follow the reasoning of *DeWeese* because the Wisconsin statute and the Missouri statute contain different language; specifically, § 134.93 does not use the term "person" in both definitions. Instead, we look to *M.S. Kind,* the Illinois court's interpretation of a statute with nearly identical language.[6] If we were to exclude corporations from the term "person" in the definition of "independent sales representative," such an interpretation would lead us to the same conclusion as the Illinois court reached in *M.S. Kind.* Excluding corporations would lead to an absurd result and "it would make little if any sense to enact legislation benefitting the sales representative as an individual, but deny him coverage if he chooses to do business in accordance with an exceedingly common form of enterprise: the corporation." *M.S. Kind,* 584 N.E.2d at 181. We, therefore, affirm the court of appeals' decision, and conclude that the plain language of the statute unambiguously includes a corporation in the definition of "independent sales representative."

---

[6] In following *M.S. Kind Associates, Inc. v. Mark Evan Products, Inc.,* 584 N.E.2d 180 (Ill. App. Ct. 1991), we follow the judicial construction of the Illinois statute from that case, as well as subsequent cases, because Wis. Stat. § 134.93 was enacted in 1997, six years after *M.S. Kind. See In re Adams Machinery, Inc.,* 20 Wis. 2d 607, 621, 123 N.W.2d 558 (1963) (stating as a rule of statutory construction that, "where a statute has received a judicial construction in another state and is then adopted by Wisconsin, it is taken with the construction which has been so given it").

## III

¶ 21. Based on the clear and unambiguous language of the statute, the common and ordinary meaning of the term "person," and the relevant language in the entire statute, we conclude that the term "person" in the definition of "independent sales representative" in Wis. Stat. § 134.93, includes a corporation.

*By the Court.*—The decision of the court of appeals is affirmed.