The Estate of Thomas R. Lamers,
James Lamers and Janice Lamers,
Plaintiffs-Appellants,

v.

American Hardware Mutual Ins. Co.,
Defendant-Respondent.

Court of Appeals

*No. 2007AP2793. Submitted on briefs September 19, 2008.
—Decided October 29, 2008.*

2008 WI App 165

(Also reported in 761 N.W.2d 38.)

On behalf of the plaintiff-appellants, the cause was submitted on the briefs of *I. Gregg Curry IV* and *Kristy A. Christensen* of *McCarty Law LLP*, Appleton.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Donald H. Carlson* and *Zachary J. Davis* of *Crivello Carlson, S.C.*, Milwaukee.

Before Brown, C.J., Snyder and Neubauer, JJ.

¶ 1. NEUBAUER, J. The Estate of Thomas R. Lamers, and Thomas's parents, James Lamers and Janice Lamers (the Lamers), appeal from a summary judgment granted in favor of American Hardware Mutual Insurance Company.[1] The Lamers contend that the trial court erred in its determination that they are not entitled to bring a wrongful death action under Wis. Stat. § 895.04 (2005–06)[2] to recover lost inheritance from their unmarried adult son. The Lamers are not able to establish that there is a reasonable probability that they personally would have inherited from their son had he lived a natural life span. Thus, the Lamers seek to recover lost inheritance on behalf of "a class of heirs." Because the statutory language of § 895.04 does not provide for the recovery of lost inheritance by a party on behalf of a class of heirs, we conclude that the Lamers are not entitled to bring a wrongful death action for loss of inheritance. We affirm the trial court's grant of summary judgment.

## BACKGROUND

¶ 2. Thomas Lamers died following a two-car accident on November 10, 2003. The accident occurred as

---

[1] While Thomas's estate is joined in the appeal, it is Thomas's parents, James and Janice Lamers, who are entitled to retain the proceeds of a wrongful death damage award. *See Weiss v. Regent Properties, Ltd.*, 118 Wis. 2d 225, 231–32, 346 N.W.2d 766 (1984) ("[A]n estate does not have an ownership interest in the proceeds of a damage award and, therefore, may not recover for the decedent's pecuniary loss."). We therefore refer to the appellants as the Lamers.

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

735

a result of the negligence and carelessness of the other driver, who ran a stop sign and broadsided Thomas's van. At the time of the accident, Thomas was insured by an underinsured motorist policy issued by American Hardware. Thomas's estate recovered the policy limits from the negligent driver, who was underinsured, and released that driver with American Hardware's consent. By agreement of the parties, the Estate recovered from American Hardware sums to compensate it for its losses except for loss of expected inheritance. On December 28, 2006, the Lamers filed an action against American Hardware for "such sums as will fairly and reasonably compensate them for their loss of inheritance."

¶ 3. American Hardware moved for summary judgment on grounds that "parents of a decedent adult child, who was unmarried and without a child at the time of his death, are not entitled to 'loss of inheritance' damages under WIS. STAT. § 895.04 as a matter of law." In support of its motion, American Hardware pointed to several facts that it alleged would prevent the Lamers from establishing that they probably would have inherited some or all of Thomas's estate had he lived a natural life span. Thomas was thirty-three years old at the time of the accident; his parents, James and Janice, were fifty-nine years old and fifty-six years old, respectively. Based on life expectancies, Thomas would live until 2047, James until 2023, and Janice until 2030.[3] American Hardware argued that by the time of Thomas's expected death in 2047, James would have

---

[3] American Hardware relied on estimates from the U.S. Department of Health and Human Services to support its assertion that Thomas had a life expectancy of seventy-seven years which means he would have lived until 2047; James's life expectancy is seventy-nine years which means he would live until 2023; and Janice's life expectancy is eighty-three years which means she would live until 2030.

736

been dead for twenty-four years and Janice would have been dead for seventeen years, and therefore a lost inheritance claim would be based purely on speculation.

¶ 4. Following a hearing on October 17, 2007, the trial court granted summary judgment in favor of American Hardware based on its determination that the Lamers could not prove that there was a reasonable probability that they would have inherited from Thomas if he had lived a natural life span. The court also rejected the Lamers' contention that the language of WIS. STAT. § 895.04(2) allows the Lamers to act as representatives for "the entire class of lineal heirs outlined in [WIS. STAT. §] 852.01."

¶ 5. The Lamers appeal.

## *DISCUSSION*

■■

¶ 6. The grant or denial of a motion for summary judgment is a matter of law that this court reviews de novo. *Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 536, 563 N.W.2d 472 (1997). As such, we review a summary judgment without deference to the trial court, but benefiting from its analysis. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). Summary judgment is appropriate if the "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

■

¶ 7. We also review de novo the trial court's interpretation of WIS. STAT. § 895.04, the wrongful death statute. *Pritchard v. Madison Metro. Sch. Dist.*, 2001 WI App 62, ¶ 7, 242 Wis. 2d 301, 625 N.W.2d 613 (The

737

construction of statutes and their application to a particular set of facts is a question of law, which we review de novo.). However, despite our de novo standard of review, we benefit from this trial court's analysis. *See id.*

¶ 8. The aim of statutory construction is to ascertain the intent of the legislature, and our first resort is to the language of the statute itself. *Id.*, ¶ 8. If the words of the statute convey the legislative intent, that ends our inquiry; we do not look beyond the plain language of a statute to search for other meanings, but simply apply the language to the facts before us. *Id.* It is only when the language of the statute is ambiguous that we turn to the scope, history, context, subject matter, and the object of the statute in order to ascertain the intent of the legislature. *Id.* A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. *Id.* However, a statute is not rendered ambiguous merely because two parties disagree as to its meaning. *Industry to Industry, Inc. v. Hillsman Modular Molding, Inc.*, 2002 WI 51, ¶ 7, 252 Wis. 2d 544, 644 N.W.2d 236.

¶ 9. A wrongful death action is a creature of statute and does not exist in common law. *Petta v. ABC Ins. Co.*, 2005 WI 18, ¶ 16, 278 Wis. 2d 251, 692 N.W.2d 639. The purpose of the wrongful death statute, Wis. Stat. § 895.04, is to allow plaintiffs to recover pecuniary injury, or "to compensate for loss of the relational interest existing between the beneficiaries and the deceased." *Petta*, 278 Wis. 2d 251, ¶ 16 (citation omitted). A "pecuniary injury" is the loss of any benefit a beneficiary would have received from the decedent if the decedent had lived, including inheritance. *Id.*, ¶ 17.

"A lost inheritance is 'the pecuniary value of the addition to the estate which the decedent in reasonable probability would have accumulated and left to his or her heirs had the decedent lived a natural life span.'" *Id.* (citation omitted). "[R]ecovery requires the existence of damages, which in turn requires proof of [actual] loss." *Id.*, ¶ 25 (citation omitted).

 1. *The Undisputed Facts Establish That There is Not a Reasonable Probability That the Lamers Would Have Survived the Decedent Had He Lived a Natural Life Span*

¶ 10. American Hardware argues, and the trial court agreed, that based on life expectancies, there was not a reasonable probability that the Lamers would have inherited from Thomas had he lived a natural life span. The Lamers do not dispute the life expectancy statistics set forth by American Hardware, but contend that there is absolutely no Wisconsin case law which holds that an heir must survive the decedent's probable life expectancy to recover a loss of inheritance. In support of their argument, the Lamers cite to *Schaefer v. American Family Mutual Insurance Co.*, 192 Wis. 2d 768, 531 N.W.2d 585 (1995). The Lamers' reliance on *Schaefer* is misplaced.

¶ 11. While *Schaefer* did not address the issue presented in this appeal,[4] it did clarify the plaintiff's

---

[4] In *Schaefer v. American Family Mutual Insurance Co.*, 192 Wis. 2d 768, 784, 531 N.W.2d 585 (1995), the issue was whether evidence of receipt of life insurance proceeds by heirs bringing a wrongful death action seeking pecuniary damage for lost inheritance should be excluded at trial for public policy reasons. The wrongful death action in *Schaefer* was brought by the adult children of the deceased. *Id.* at 776.

burden of proof in a wrongful death action for lost inheritance. The *Schaefer* court observed that recovery of lost inheritance damages "require[s] proof of two components: (1) the probability that the decedent would have accumulated an estate and (2) the reasonable certainty that the plaintiff would have been the recipient of the estate." *Id.* at 786. Given the life expectancies of Thomas and his parents, we agree that the undisputed facts establish that the Lamers would have been unable to meet this burden.

 2. *The Statutory Language of Wis. Stat. § 895.04 Does Not Provide for the Recovery of Lost Inheritance by a Party on Behalf of a Class of Heirs.*

¶ 12. The Lamers contend that, even when it is not probable that they would have inherited from Thomas had he lived a natural life span, they may bring a claim on behalf of the class of heirs. Wisconsin Stat. § 895.04 provides:

**Plaintiff in wrongful death action. (1)** An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.

 **(2)** If the deceased leaves . . . no such surviving minor children, the amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to the deceased's lineal heirs as determined by s. 852.01; if no lineal heirs survive, to the deceased's brothers and sisters. If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death.

 . . . .

 **(4)** Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action . . . .

740

Because Thomas had no surviving spouse or children, any amount recovered under § 895.04 would go to his parents as "lineal heirs" under WIS. STAT. § 852.01, which sets forth the basic rules for intestate succession. *See* § 852.01(c) (if no surviving spouse or issue, the net estate passes to the decedent's parents). If Thomas's parents were deceased, his estate would pass next to his siblings. Sec. 852.01(1)(d) (if no surviving spouse, issue or parent, to the brothers and sisters and the issue of any deceased brother or sister *per stirpes*).

¶ 13. The Lamers argue that because WIS. STAT. § 895.04(2) uses the plural "heirs" in stating that if there are no surviving children or spouse the amount recovered under the wrongful death statute shall belong and be paid "to the deceased's lineal heirs," the statute creates a "class of beneficiaries," or a "class of lineal heirs." Therefore, they contend that "the statute could be read as including damages to all heirs, not simply the heir who is entitled to pursue a wrongful death action." We reject the Lamers' argument.

¶ 14. "[I]t is well established that courts must not look at a single, isolated sentence or portion of a sentence, but at the role of the relevant language in the entire statute." *Industry to Industry*, 252 Wis. 2d 544, ¶ 8 (citation omitted). Furthermore, "when interpreting a statute, we must 'attempt to give effect to every word of a statute, so as not to render any portion of the statute superfluous.' " *Id.* (citation omitted).

¶ 15. WISCONSIN STAT. § 895.04(1) sets forth who is entitled to bring a wrongful death claim—"the personal representative of the deceased person or . . . the person to whom the amount recovered belongs." In bringing a claim for loss of inheritance under the facts of this case, the amount recovered would belong to the lineal heirs,

as determined by Wis. Stat. § 852.01. *See* § 895.04(2). Thomas's only lineal heirs are his parents, the Lamers. Significantly, § 895.04(2) goes on to provide that "if no lineal heirs survive, [the amount recovered belongs] to the deceased's brothers and sisters. *If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death."* *Id.* (emphasis added). Therefore, despite the use of the plural "lineal heirs," the statute clearly contemplates that each relative will, *in turn,* have the right to bring an action for wrongful death.[5] A more reasonable interpretation of the use of the plural "heirs" is to encompass exactly this situation—when two or more heirs in the same tier of succession in the statutory hierarchy, i.e., two parents, bring a wrongful death action together. *See, e.g., Schaefer,* 192 Wis. 2d at 776 (the adult children/heirs of the decedent brought a wrongful death action seeking lost inheritance damages).[6] In sum, § 895.04(1) provides that a wrongful

[5] Notably, Wis. Stat. § 852.01 also provides for the passing of the net estate *in turn*—to the relative(s) next in order after the prior relative dies.

[6] We reject the Lamers' argument that the *Schaefer* court's definition of "lost inheritance" supports their position on appeal. The *Schaefer* court defined "lost inheritance" as "the pecuniary value of the addition to the estate which the decedent in reasonable probability would have accumulated and left to his or her heirs had the decedent lived a natural life span." *Id.* at 775. The Lamers argue that this definition is "certainly broad enough to include all of a person's heirs, and not just the ones who file suit." The Lamers argue that *Schaefer* does not "limit the loss of [an] inheritance claim to probable survivors." We are unpersuaded. While *Schaefer* does not expressly limit a claim to one order of succession, neither the facts of that case nor the issue presented required it to do so. Again, the use of "*heirs*" simply recognizes the fact that there were multiple heirs in the

death action may be brought by the person to whom the amount recovered belongs, and § 895.04(2) instructs that the person to whom it belongs is the relative (or relatives) next in order under § 852.01.[7]

¶ 16. We conclude that under the plain language of Wis. Stat. § 895.04, the Lamers, as the lineal heirs, have the sole right to bring the wrongful death action and are not entitled to bring such an action on behalf of other potential heirs. The claim belongs to them, and the next relatives in the hierarchy have no cause of action. Had the legislature intended to allow a single heir to bring an action on behalf of all heirs, it would have stated as much. *See Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 539, 345 N.W.2d 389 (1984) (It is

same tier of succession, adult children. Moreover, the unambiguous language of Wis. Stat. § 895.04 does not contemplate a party bringing a wrongful death action for lost inheritance damages on behalf of a "class of heirs."

[7] We note that our holding is consistent with the supreme court's recent decision in *Lornson v. Siddiqui*, 2007 WI 92, ¶ 38, 302 Wis. 2d 519, 735 N.W.2d 55, in which the court observed that "Wis. Stat. § 895.04(2) provides a hierarchy of eligible claimants in a general wrongful death action."

> [U]nder the statute, the spouse and minor children are first in line to make a wrongful death claim; if there are no minor children, the claim belongs to the spouse; if no spouse survives, the claim belongs to the lineal heirs (as determined by Wis. Stat. § 852.01); if no lineal heirs survive, the claim belongs to the deceased's brothers and sisters. *See* Wis. Stat. § 895.04(2).

*Lornson*, 302 Wis. 2d 519, ¶ 38; *see also id.*, ¶ 39 (a new cause of action is available to the next relative in line after the prior relative's death); *Cincoski v. Rogers*, 4 Wis. 2d 423, 425, 90 N.W.2d 784 (1958) ("beneficiaries in a deferred class under the statutes are entitled to sue only where there is no person in existence belonging to one of the prior classes").

reasonable to presume that the legislature chose its statutory language carefully and precisely to express its meaning.). We therefore agree with American Hardware that the viability of the Lamers' loss of inheritance claim must be examined based solely on their circumstances. As concluded above, the undisputed facts establish that the Lamers would have been unable to establish a reasonable probability that they would have been the recipient of the estate had Thomas lived a natural life span.

## CONCLUSION

¶ 17. Wisconsin law clearly requires the court to determine whether there is a reasonable probability that, had the decedent lived a natural life span, (1) the wealth would have been accumulated, and (2) the decedent would have left it to the claimants. *Petta*, 278 Wis. 2d 251, ¶ 17. As discussed above, WIS. STAT. § 895.04(1) provides that a wrongful death action may be brought by the person to whom the amount recovered belongs, and under § 895.04(2) the person to whom the claim belongs is the first surviving relative in line under WIS. STAT. § 852.01. Here, those relatives are the Lamers, and as such, the Lamers are subject to the "reasonable probability" inquiry set forth in *Petta* and *Schaefer*. The Lamers make no real argument that their claim can survive this inquiry unless we accept the proposition that they are entitled to recover on behalf of all of Thomas's potential heirs. The unambiguous language of § 895.04 prevents us from doing so. As such we affirm the trial court's grant of summary judgment in favor of American Hardware.

*By the Court.*—Judgment affirmed.