FARIBAULT WATER WORKS COMPANY *vs.* COUNTY OF RICE.

° July 1, 1890.

**Taxes—Increase of Valuation—Notice.**—A notice by a local board of tax equalization of intention to increase the valuation of personal property on the assessment-roll, *held* sufficient, the party notified appearing in response thereto.

**Same—Action of Board after Statutory Time.**—The action of such a board of equalization after the time prescribed in the statute therefor sustained.

**Same—Increase Sustained.**—Increasing the valuation of property under the classification or item in the assessor's list as verified by the owner, sustained as against the objection that the classification was improper.

Action brought in the district court for Rice county, to recover $704.78, taxes paid by plaintiff and alleged to have been illegally assessed. Trial by *Buckham,* J., (a jury being waived,) and judgment ordered and entered for defendant, from which the plaintiff appeals.

*R. A. Mott* and *H. J. Grannis,* for appellant.

*Anson L. Keyes,* for respondent.

DICKINSON, J.   The personal-property assessment of the plaintiff for the year 1887, as returned by the assessor, was raised to the extent of $20,000 by the common council of the city of Faribault, sitting as a board of equalization, after notice to the plaintiff and a hearing in the matter.   The plaintiff, having, under the compulsion of a warrant, paid the tax assessed on the valuation thus increased, instituted this action in the district court to recover so much of the tax as was assessed upon that increased valuation.   The court found that the action of the board in raising the valuation was justified by the facts, and that the value of the plaintiff's property liable to assessment far exceeded even the increased valuation complained of. This is an appeal by the plaintiff from a judgment in favor of the defendant.   The plaintiff claims that the board of review had no power to increase the valuation, because the notice given to the plaintiff was insufficient, and because its action was postponed beyond the

time prescribed by statute therefor. It is also claimed that the facts did not justify the increase of the valuation.

As to the first of these points, it need only be said that the plaintiff appeared before the board in response to the notice. The notice served the purpose for which notices are required.

The statute (Gen. St. 1878, *c.* 11, § 39,) prescribes that the board of review shall meet on the fourth Monday of June, and shall immediately proceed to examine, ascertain, and see that all taxable property has been properly placed on the tax-list, and duly valued by the assessor; shall place on the list any property that may have been omitted therefrom, "and proceed to correct the assessment so that each tract or lot of real property, and each article, parcel, or class of personal property, shall be entered on the assessment list at the true and full value thereof. * * * They may adjourn from day to day until they shall finish the hearing of all cases presented on that day." The assessors are required to return their assessment books to the county auditor on or before the first Monday of July. It is provided that no assessment shall be raised until notice shall have been given of an intention to do so. The court found, in substance, that the common council of the city, duly acting as a board of equalization, and upon proceedings duly had, duly corrected the assessment by increasing the valuation as before stated, and that the facts of the case as presented to the board justified its action. It does not appear that all the evidence presented on the trial of this case has been returned, and the findings of fact cannot, therefore, be said to be not warranted by the evidence. Some facts, upon which there seems to be no controversy, although not specifically found by the court, may be considered in their legal effect. It appears that the board of equalization was in session on Wednesday, the 29th day of June, and that a recess was taken until Saturday, July 2d. On the 2d of July, notices of intention to raise assessments were directed to be served on several parties, including this plaintiff; the notice to the plaintiff directing it to appear on the 5th of July. On the 5th the plaintiff appeared, and asked further time to show cause why its assessment should not be raised. Time for this was given

until the 8th of the month, on which day the matter was heard, and a further recess taken until the following day, when the assessment was increased by adding $20,000 thereto under item No. 27 on the tax-list, which item is designated "all other property not included in the preceding twenty-six items." The objection that this addition was improperly placed under this item 27 may be disposed of by saying that, in the plaintiff's return of property for assessment, its property was classed under that item, excepting its office furniture. The board simply increased the valuation of the same property embraced in the plaintiff's verified tax statement.

That the action of the board of equalization was so long postponed was in part at the instance of the plaintiff. Nor can it have prejudiced the plaintiff in any respect. It did not invalidate the action of the board, unless it is to be considered that the statute requires the action of the board to be taken without delay, and prior to the time specified when the assessor's return should be made, and that in these things the provisions of the statute are mandatory. Under the principle of construction laid down in *Kipp* v. *Dawson*, 31 Minn. 373, (17 N. W. Rep. 961, and 18 N. W. Rep. 96,) the provisions of the statute here in question are to be deemed directory rather than mandatory. But, apart from the general principle of construction above referred to, the statute discloses the intention of the legislature to be that strict compliance with these provisions shall not be strictly necessary. Section 40 of the tax-law (Gen. St. 1878, c. 11) declares that the failure to give the prescribed notice of the meeting of the board of review, or to hold such meeting, shall not vitiate the assessment except as to the excess of valuation or tax shown to be unjustly made or levied; and section 60, as amended by chapter 2, Laws 1885, declares that "no omission of any of the things by law provided in relation to such assessments and levy, or of anything required by any officer or officers to be done prior to the issuance of such citation, [from the district court to show cause why judgment should not be rendered for delinquent personal-property taxes,] shall be a defence or objection to such taxes, unless it be also made to appear to the court that such omission has resulted to the

prejudice of the party objecting, and that such taxes have been unfairly or unequally assessed." No prejudice is shown to have resulted from any departure from the letter of the statute in this case.

Judgment affirmed.