THE STATE, Respondent, vs. ZILLMANN, Appellant.

*February 5—April 19, 1904.*

*Forfeitures: Pleading: Taxation: Board of review: Intentional omission of property: Meetings: Directory statute: Constitutional law.*

1. In a civil action to recover a forfeiture the pleadings are to be construed liberally.
2. The word "intentionally," in sec. 5, ch. 379, Laws of 1901 (imposing a forfeiture upon any member of a board of review who "shall intentionally omit or agree to omit from assessment any property liable to taxation," etc.), imports wilfulness, evil intent, or unlawful purpose; and a complaint for recovery of such a forfeiture, charging the fact in the language of the statute, need not allege in terms that the property was unlawfully, wilfully, or corruptly omitted.
3. An allegation, in such a complaint, that the property omitted was then and there liable to taxation in the assessment district of which defendant was an officer, is sufficient, without further specifically alleging that it was so liable to taxation on the 1st of May in that year as provided in sec. 1033, Stats. 1898.
4. An allegation that defendant "as member of said board of review" did intentionally omit, etc., sufficiently alleges that he acted in his official capacity.
5. Failure to describe specifically the property omitted, does not render the complaint insufficient, but can be taken advantage of, if at all, only by motion to make more definite and certain.
6. Sec. 1060, Stats. 1898, requiring the board of review to meet on the last Monday in June, and sec. 1064, providing that the assessor shall deliver the completed assessment roll to the clerk on or before the first Monday in August, are directory only, and a failure to comply literally therewith does not invalidate the action of such officers unless the rights of persons interested are thereby materially affected to their prejudice.
7. An act (sec. 5, ch. 379, Laws of 1901) imposing a penalty upon any member of a board of review who shall intentionally omit to perform official duties imposed upon him by law, does not contravene any constitutional provision or violate public justice.

APPEAL from an order of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an action to recover a penalty under ch. 379, Laws of 1901. The complaint alleges that the defendant is indebted to the plaintiff in the sum of $250 under sec. 5 of said chapter; that the defendant at the time was president of the village, and a member of the board of review of the assessment district of the village of Thorp, in Clark county. As to the particular delinquency, the complaint charges:

"That on the 24th day of August, in the year 1903, the defendant herein named, and J. B. Bachman, village clerk, and Max Weber, assessor of said village of Thorp, each being members of said board of review by virtue of being respectively clerk and assessor of said village of Thorp, did meet and organize and act as a board of review in and for the assessment district comprising the said village of Thorp; and the aforesaid Max Weber, the assessor of said district, comprising the said village of Thorp aforesaid, did then and there lay before said board of review his assessment roll of real property, and all the sworn statements made by others, and valuations made by him, the said assessor, of personal property and bank stock.

"That the said defendant, as member of said board of review in said assessment district, did then and there intentionally omit, and did then and there intentionally agree with the said J. B. Bachman, village clerk, as member of said board of review, to omit, from assessment a large amount of personal property, amounting in value, as appeared from said sworn statements and assessment roll of said assessor, to the sum of eight thousand six hundred and seventy-five dollars ($8,675), all of which property was then and there liable to taxation in said assessment district comprising the said village of Thorp."

Judgment is demanded for the amount of the penalty.

Defendant demurred to the complaint on the ground, among others, that it does not state facts sufficient to constitute a cause of action. The defendant appealed from the order overruling the demurrer.

For the appellant there was a brief by *R. J. MacBride* and *Geo. L. Jacques,* and oral argument by *Mr. MacBride.* They contended, *inter alia,* that the duties of the board of review are judicial in their nature; and if sec. 5, ch. 379, Laws of 1901, be so construed as to impose a penalty upon a member of such board for acts done in the discharge of such duties and within his jurisdiction, it contravenes sec. 22, art. I, Const., is contrary to the spirit of the whole constitution, and contrary to public justice. *Steele v. Dunham,* 26 Wis. 393. The same immunity from prosecution or action on account of their judicial acts which has been given to judges and juries of courts has always been extended to inferior officers in the performance of judicial duties, provided their acts were within their jurisdiction. *Wilson v. New York,* 1 Denio, 595; *Weaver v. Devendorf,* 3 Denio, 117–120; *Keeler v. Woodward,* 3 Pin. 306; *Druecker v. Salomon,* 21 Wis. 621; *Steele v. Dunham,* 26 Wis. 393; *Smith v. Gould,* 61 Wis. 31; *Fath v. Koeppel,* 72 Wis. 289; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 258; *Barhyte v. Shepherd,* 35 N. Y. 238; *Meade v. Haines,* 81 Mich. 261. This rule applies to taxing officers. *Stewart v. Case,* 53 Minn. 62, 54 N. W. 938.

For the respondent there was a brief by the *Attorney General* and *L. H. Bancroft,* first assistant attorney general, and oral argument by the *Attorney General.*

The following opinion was filed February 23, 1904:

SIEBECKER, J. Sec. 3295, Stats. 1898, provides that, in an action to recover forfeitures:

"It shall be sufficient to allege in the complaint that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, according to the provisions of the statute which imposes it, specifying the section and chapter containing such statute. And when such section imposes a forfeiture for several offenses or delinquencies it shall specify

the particular offense or delinquency for which the action was brought, with a demand for judgment for the amount of such forfeiture."

The complaint contains a plain and concise statement of the facts, charging that defendant is indebted to the plaintiff in the amount of the forfeiture, under the provision of the law which imposes it, and specifying the chapter and section of such statute, as well as the particular offense or delinquency for which the action was brought, with a demand for judgment. It is argued that greater strictness of construction should be applied than in ordinary cases, because the recovery sought to be enforced is penal in its nature. It has, however, been determined that the proceeding is a civil action, and that the pleadings are therefore to be construed liberally to meet the ends of justice between the parties. *Teetshorn v. Hull,* 30 Wis. 162; *State v. Smith,* 52 Wis. 134, 8 N. W. 870; *Chafin v. Waukesha Co.* 62 Wis. 463, 22 N. W. 732. Counsel nevertheless lays stress in support of this contention on the utterance of the court in *State v. Citizens' Ins. Co.* 71 Wis. 411, 37 N. W. 348, where it is stated that in an action for a penalty every fact necessary to show that it has been incurred must be stated, and that no rule of liberal construction will dispense with the necessity of stating every fact that creates the liability. It is required in all civil cases that the facts necessary to constitute the cause of action be alleged, but this requirement in no way changes the rule that pleadings should be liberally construed in such actions. Testing the pleading as a complaint in a civil action, is it sufficient to meet the requirements of the statutes in an action for the recovery of a forfeiture under ch. 379, Laws of 1901? Appellant contends that it fails in several particulars, which will be noticed.

One objection to the complaint is that it does not allege that the personal property was unlawfully, wilfully, and corruptly omitted from assessment, or so omitted without taking

evidence on the subject. The complaint does allege, in the language of the statute, that the defendant "did . . . intentionally omit and did . . . intentionally agree with [others]," etc., " . . . to omit from assessment, a large amount of personal property, . . . all of which property was then and there liable to taxation," etc. These allegations in the language of the statute are sufficient, unless, as claimed, the language of the statute is so indefinite, obscure, and uncertain that the statute fails to define what acts shall be deemed an offense and subject the offender to the penalty prescribed. The legislative intent seems clear and certain when the language employed is given its ordinary signification. The statute, so far as applicable to the case before us, provides that:

"Any member of a board of review of any assessment district who shall intentionally omit or agree to omit from assessment any property liable to taxation in such assessment district or shall otherwise intentionally violate or fail to perform any duty imposed upon him by law . . . shall forfeit" a certain sum of money. Sec. 5, ch. 379, Laws of 1901.

The fair inference from these terms and provisions is that any member of a board of review shall be liable to the forfeiture for unlawfully omitting or agreeing to omit from assessment property liable to taxation. This interpretation harmonizes with the meaning usually applied to the word "intentionally" when used in penal laws, namely, that it imports wilfulness, evil intent, or unlawful purpose.

It is claimed the complaint is insufficient, in that it fails to allege specifically that the property was liable to taxation in the district May 1, 1903, as required under sec. 1033, Stats. 1898. The complaint alleges that the property specified was liable to taxation in the assessment district of which defendant was an officer. Giving this allegation the reasonable intendment applicable to pleading, and applying it to the statute which provides that all personal property liable

to taxation in each assessment district shall be assessed as of
the 1st of May in each year, the allegation is sufficient to
charge that the property designated was within the district
and liable to taxation on May 1, 1903.

The complaint is attacked, in that it affirmatively shows
that defendant and the assessor and the clerk on the 24th of
August, 1903, met and organized and acted as a board of re-
view, and that the alleged forfeiture was incurred at this
meeting. It is objected that the board of review had no au-
thority to meet and organize on that day, because, under
sec. 1060, Stats. 1898, the board was required to meet on
the last Monday of June to perform this duty, and because,
under sec. 1064, the assessment roll must be completed by
the assessor and be delivered to the clerk on or before the
first Monday in August. It is true, the statutes cited to our
attention provide as indicated, but we cannot accede to the
interpretation urged. To hold that assessing officers and
members of boards of review shall be held strictly to the time
specified for the performance of their duties under the stat-
utes would result, practically, in a failure to administer the
law for the assessment of taxes, under the varying difficul-
ties and obstacles inhering in such a course. These provis-
ions of the statutes pertaining to the assessment of taxes
must have been intended by the legislature as directory in
their execution, and a departure from the letter should not
invalidate the action of such officers, unless it be shown that
the rights of persons interested were thereby materially af-
fected, to their prejudice. Cooley, Taxation, note on p. 774;
*Faribault W. Co. v. Rice Co.* 44 Minn. 12, 46 N. W. 143.

The suggestion that the complaint is insufficient because
it does not specifically describe the property, and thereby ap-
prise the defendant of the charge preferred, and that it fails
to allege he acted in his official capacity, cannot be enter-
tained. It is stated that personal property liable to taxation
in the assessment district was by him, as a member of the

board of review of the district where it is situated, intentionally omitted, and that he agreed to omit it, from assessment. This apprises defendant of the delinquency which plaintiff expects to prove against him at the trial, and charges him in his official capacity. If he has any grounds of complaint for indefiniteness, he must resort to his remedy by motion to make more definite and certain.

The last objection, as we apprehend it, is that if the section of the statute in question imposes a penalty on defendant for acts in his capacity as a member of the board of review, recoverable in a civil action, it is void, because it contravenes the spirit of the state constitution, and particularly sec. 22 of article I, and that it is contrary to public justice. The objection presented goes to important natural individual rights, but we are unable to perceive how it applies to the facts under consideration. Under the law, defendant, as a member of the board of review for an assessment district, is required to perform certain official duties in assessing property, which the legislature clearly has the right and power to impose. It has provided that any officer who shall intentionally omit to perform such duty shall be subject to a penalty recoverable in a civil action. The officer's obligation to execute the mandates of the law in that respect seems too well settled to require discussion. Nor does the form of procedure in any way affect the liability of the person who violates such a law. We cannot conceive how the statute in any way infringes any constitutional provision or violates public justice.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied April 19, 1904.