## COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 12, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1788**

STATE OF WISCONSIN

Cir. Ct. No. **2021SC11399**

IN COURT OF APPEALS
DISTRICT I

CATHERINE F. CONWAY,

PLAINTIFF-APPELLANT,

V.

DOUGLAS H. FRAZER, ELIZABETH AELION, SCOTT BOTCHER AND
KELLY MEYER,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: DAVID C. SWANSON, Judge. *Reversed and remanded for further proceedings.*

¶1 WHITE, J.[1] Catherine F. Conway appeals an order dismissing her claims against Douglas H. Frazer, Elizabeth Aelion, Scott Botcher, and Kelly Meyer, who were serving on the Board of Review for the Village of Fox Point.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Conway challenged her property assessment before the Board of Review, which sustained the assessment. She then pursued a Department of Revenue (DOR) review, which resulted in an almost $100,000 reduction in the assessed value.

¶2 Conway then initiated a small claims action, pursuant to WIS. STAT. §§ 70.502-503, alleging the defendant Board of Review members intentionally violated their duty and intentionally fixed the value of her property at more than its true value when they sustained the assessment of her property despite finding that the Assessor's comparable properties were not satisfactorily adjusted. The circuit court dismissed the action for failure to state a claim and concluded that the Board of Review members had governmental immunity under WIS. STAT. § 893.80(4). Upon review, we conclude that Conway has satisfactorily stated a claim and that governmental immunity does not apply. We reverse the circuit court order dismissing her action and remand the matter for further proceedings.

## BACKGROUND

¶3 This case arises out of the assessment of Conway's Fox Point residence (the Property) in 2020. It is undisputed that Conway filed an objection to the $597,000 assessment of the Property to the Board of Review in July 2020. At the Board of Review assessment appeal hearing on July 30, 2020, Conway and the Village Assessor presented comparable sales. In its written decision, the board found that the attributes of the comparable sales provided by the Assessor and Conway were not satisfactorily adjusted for differences with the Property and that "some of the comps were not strong enough on either side to rely heavily on them." Nevertheless, in a 4-2 vote, the Board of Review concluded that the Assessor's valuation was correct, that Conway did not overcome the presumption

of correctness granted by law to the Assessor, and sustained the valuation of the assessment.

¶4      Conway, the Fox Point Village Clerk and the Village attorney exchanged communication in August 2020 regarding Conway's position that the Board of Review erred in sustaining the assessment.[2]  Conway then appealed the assessment of her property to the DOR pursuant to WIS. STAT. § 70.85, requesting an independent review of the assessment.   The DOR conducted an informal hearing with Conway, Conway's representative, who was a local real estate agent, and the Village's two assessors.  The DOR reviewed comparable sales presented by both parties.  It found:

> After review of this information, it is determined the appellant and appellant's representative applied better methodology to the sales comparison approach, having selected sales with a more comparable location and view. The comparable sales chosen by the appellant's representative were much more proximate to the subject and two of the comparable sales reflected similar commercial or high density residential/institutional views/location.   The comparable sales chosen by the assessor were less proximate to the subject and none of the comparable sales reflected a high density residential/institutional view or location, similar to the subject.

The DOR found that the estimated full market value of the Property was $499,000, and through a formula, determined that the appropriate revalued assessment was $487,800.  On October 26, 2020, the DOR issued an order that the Property be assessed at $487,800.

---

[2] In Conway's initial email, she notified the Board of Review members that she believed they violated their duty and she would pursue a civil action and damages pursuant to WIS. STAT. §§ 70.502-503.

¶5      After the reassessment, Conway again contacted the Board of Review members and the Village attorney making a claim for compensation pursuant to WIS. STAT. § 70.503.  The Village attorney denied Conway's claim for compensation in a letter.  After another attempt at settlement, Conway filed a small claims action in the circuit court against the four Board of Review members who voted to sustain the assessment.  She sought a total of $5,575 in damages:  the filing fee to the DOR, fees for her DOR appeals representative, a consulting fee to a law firm, forty hours of her personal time researching and participating in the DOR conference, and punitive damages of $250 against each defendant.

¶6      On June 8, 2021, the defendants, represented by the Village Attorney, moved to dismiss Conway's action.  The Board of Review argued that Conway failed to comply with the notice of claim requirement in WIS. STAT. § 893.80(1d); (2) Conway failed to name all of the defendants in the summons; (3) Conway failed to state a claim upon which relief could be granted; and (4) the Board of Review members are immune to Conway's claims under WIS. STAT. § 893.80(4).

¶7      On August 2, 2021, Conway responded to the motion to dismiss.  On August 10, 2021, Conway filed a motion for summary judgment, arguing that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law.

¶8      The circuit court conducted a hearing on the motion to dismiss on August 16, 2021.  After oral argument, the court stated it would not decide the case on the issue of notice of claim under WIS. STAT. § 893.80(1d), but instead on the merits.  The court concluded that there was no "reasonable interpretation of the facts under which [Conway could] recover."  Under the facts pleaded, the court

concluded that Conway did not "plead any sort of intent to commit any sort of nefarious act." He noted that in Conway's emails, she presumes good faith on the part of the village officials and the Board of Review. Further, the court concluded that governmental statutory immunity would cover the Board of Review in their acts. The court stated that even construing all of the facts in Conway's favor, any errors by the Assessor or the Board of Review "at best … proves negligence." The court concluded that those alleged errors do not "prove any intent … either to violate the rules, or to deprive Ms. Conway of her rights in some way." The court then granted the motion to dismiss.

¶9    Conway appeals.

## DISCUSSION

¶10    Conway argues that the circuit court erred when it dismissed her complaint on two grounds:  failure to state a claim and governmental immunity.[3] "We review a dismissal for failure to state a claim as a question of law, without deference to the circuit court's decision." *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶10, 283 Wis. 2d 555, 699 N.W.2d 205. "The governmental immunity statute, WIS. STAT. § 893.80(4), confers broad immunity from suit on municipalities and their officers and employees." *Lodl v. Progressive N. Ins. Co.*, 2002 WI 71, ¶20, 253 Wis. 2d 323, 646 N.W.2d 314. "The application of the immunity statute and its exceptions involves the application of legal standards to a set of facts, which is a question of law." *Id.*, ¶17.

---

[3] We interpret that Board of Review members abandoned their arguments to the circuit court that Conway failed to comply with the notice of claim requirements of WIS. STAT. § 893.80(1d) and Conway failed to name all parties on the summons. We do not address these issues further.

¶11 A motion to dismiss for "[f]ailure to state a claim upon which relief can be granted" tests the legal sufficiency of the complaint. WIS. STAT. § 802.06(2)(a)6; *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693. In accordance with WIS. STAT. § 802.02(1)(a), a complaint must contain "[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief." Further, claims of fraud must "be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." WIS. STAT. § 802.03. "When testing the legal sufficiency of a claim, all facts alleged in the complaint, as well as all reasonable inferences from those facts, are accepted as true." *Kaloti Enterprises, Inc.*, 283 Wis. 2d 555, ¶11. "It is the sufficiency of the facts alleged that control the determination of whether a claim for relief is properly plead." *Strid v. Converse*, 111 Wis. 2d 418, 422-23, 331 N.W.2d 350 (1983). "However, a court cannot add facts in the process of construing a complaint," and a court is not required to accept legal conclusions as true. *Data Key*, 356 Wis. 2d 665, ¶19. "Whether a complaint adequately pleads a cause of action is a question of law we review" independently. *Bank of New York Mellon v. Klomsten*, 2018 WI App 25, ¶21, 381 Wis. 2d 218, 911 N.W.2d 364.

¶12 First, we review Conway's pleadings:

> On July 30, 2020, after a hearing at which the Assessor appeared in person and I participated by Zoom, each of the [defendants] violated section 70.502 of the Wisconsin Statutes by: 1) intentionally fixing the value of my home for taxing purposes at $597,000, a value they knew to be more than the property's true value; and 2) failing to perform their statutory duty to correct the Assessor's errors in calculating my home's true value. Irrefutable proof that the defendants knew that $597,000 is more than the property's true value is their Finding of Fact on the record that, although the Assessor had "presented testimony of

> recent sales of comparable properties in the market area," he had not satisfactorily adjusted his valuation for the differences in the attributes of those properties and my property and their contribution to value.
>
> ….
>
> I do not believe that the defendants acted maliciously toward me. They did, however, intentionally disregard my right to a fair valuation of my property.

¶13    We understand Conway's pleading to state that the defendant Board of Review members[4] sustained the assessment of the Property even though they did not believe that the Assessor's comparable properties were satisfactorily adjusted to give the true value of her home. In other words, she asserts that the Board of Review members purposefully set the value of the Property incorrectly. Conway argues there is no scienter requirement to WIS. STAT. § 70.502.

¶14    The Board of Review members argue that Conway only offers a conclusory statement that the board violated WIS. STAT. § 70.502. They contend she has not alleged facts to show that the Board of Review members fraudulently upheld the assessment or that the Property was intentionally assessed at a greater value than its true value. Further, they assert that § 70.502 requires scienter and Conway admits that the members did not act with malice. They point out that throughout this case, Conway has stated that the Board of Review members misunderstood their duties, but she did not doubt they acted in good faith. The Board of Review members argue that the intentional conduct sanctioned by WIS. STAT. § 70.502 must have been based on conduct intended to harm the property

---

[4] We note that Conway's claims are against only the four Board of Review members who voted to sustain the Assessor's valuation of the Property.

owner. They contend that Conway fails to state a claim because she has not alleged the type of intentional conduct necessary for this action.

¶15 We turn to the statute in question:

> Any member of the board of review of any assessment district who shall intentionally fix the value of any property assessed in such district … or shall otherwise intentionally violate or fail to perform any duty imposed upon the member by law relating to the assessment of property for taxation, shall forfeit to the state not less than $50 nor more than $250.

WIS. STAT. § 70.502. A Board of Review member who violates § 70.502 "shall be liable in damages to any person who may sustain loss or injury thereby, to the amount of such loss or injury; and any person sustaining such loss or injury shall be entitled to all the remedies given by law in actions for damages for tortious or wrongful acts." WIS. STAT. § 70.503.

¶16 Conway's pleadings mirror the language of the statute in that she asserts that the Board of Review members intentionally fixed an inflated value of the Property and they failed in their statutory duty.[5] To resolve this issue, we must interpret WIS. STAT. § 70.502. The interpretation of a statute is a question of law, which we review independently. *Maple Grove Country Club Inc. v. Maple Grove*

---

[5] Although our review finds that WIS. STAT. § 70.502 first appears in the statutes in the 1955-56 edition, an earlier version sanctioning similar misconduct appeared in the Laws of 1901. Our supreme court discussed a claim similar to Conway's in *State v. Zillman*, 121 Wis. 472, 476, 98 N.W. 543 (1904). The court stated, "[t]he fair inference from these terms and provisions is that any member of a board of review shall be liable to the forfeiture for unlawfully omitting or agreeing to omit from assessment property liable to taxation." *Id.* Further, it concluded that its "interpretation harmonizes with the meaning usually applied to the word "intentionally" when used in penal laws namely, that it imports willfulness, evil intent, or unlawful purpose." *Id.* Because the status of this law from 1904 until 1955 is not clear in the record, we will independently interpret § 70.502.

8

*Ests. Sanitary Dist.*, 2019 WI 43, ¶25, 386 Wis. 2d 425, 926 N.W.2d 184. "The purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. We first consider the plain and ordinary meaning of the language of the statute. *Id.*, ¶45. If the meaning is plain, then our inquiry ordinarily stops. *Id.* "Our task when interpreting a statute is to discern the statute's meaning, which we presume is expressed in the language chosen by the legislature." *Showers Appraisals, LLC v. Musson Bros.*, 2013 WI 79, ¶23, 350 Wis. 2d 509, 835 N.W.2d 226.

¶17 As we understand it, our question comes down to whether Conway's acknowledgment that the members acted in good faith and did not act maliciously is fatal to her claim. In other words, does a plaintiff have to allege malice or scienter—or a "nefarious act" as phrased by the circuit court—in order to plead facts to show that the acts sanctioned in § 70.502 occurred and were intentional. Intentional is not defined in chapter 70; however, we have interpreted the meaning of "intentional" under Wisconsin law in many contexts. Our supreme court has described that "[i]ntent requires both an intent to do an act and an intent to cause injury by that act. An intent to cause injury exists where the actor subjectively intends to cause injury or where injury is substantially certain to occur from the actor's conduct." *Gouger v. Hardtke*, 167 Wis. 2d 504, 512, 482 N.W.2d 84 (1992). Black's Law Dictionary defines "Intentional" as "done with the aim of carrying out the act." BLACK'S LAW DICTIONARY 965 (11th ed. 2019). Additionally, it defines "Intention" as "The willingness to bring about something planned or foreseen; the quality state, or condition of being set to do something." *Id*.

¶18 In contrast, Black's Law Dictionary provides that "Malice" means "The intent, without justification or excuse, to commit a wrongful act." **Id.** at 1145. "Malicious" is defined as "Substantially certain to cause injury." **Id.** at 1146. Scienter is the concept of "guilty knowledge," **State v. Collova**, 79 Wis. 2d 473, 479, 255 N.W.2d 581 (1977); "criminal intent"; "corrupt motive"; or "evil purpose," **State v. Stoehr**, 134 Wis. 2d 66, 75, 396 N.W.2d 177 (1986). Criminal intent is set forth in the statutes under WIS. STAT. § 923.23(3), which provides that "'Intentionally' means that the actor either has a purpose to do the thing or cause the result specified, or is aware that his or her conduct is practically certain to cause that result." Although § 939.23(3) "does not specifically refer to malice, that concept is embodied in the statutory definition of criminal intent." **State v. Cissell**, 127 Wis. 2d 205, 212, 378 N.W.2d 691 (1985).

¶19 Because WIS. STAT. § 70.503 imposes civil liability, we focus our inquiry on whether Wisconsin law distinguishes intentional misconduct from malicious conduct in a civil context. In reviewing the recreational immunity statute, we concluded that "'malicious' does not include mere willful behavior." **Wilson v. Waukesha Cnty.**, 157 Wis. 2d 790, 796, 460 N.W.2d 830 (Ct. App. 1990). Instead, we adopted the jury instruction definition of malicious that "define[d] malicious acts as those that 'are the result of hatred, ill will, a desire for revenge, or inflicted under circumstances where insult of injury is intended.'" **Id.** at 797 (quoting WIS JI—CIVIL 1707[.1]). "For punitive damages to be awarded, a defendant must not only *intentionally* have breached his duty of good faith, but *in addition* must have been guilty of oppression, fraud, or malice[.] *See Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 697, 271 N.W.2d 368 (1978) (emphasis added). Accordingly, we understand that malicious conduct can be distinguished from intentional misconduct.

¶20    A review of how willful conduct has been distinguished from malicious conduct is helpful to our understanding of how intentional is interpreted in a civil liability statute. *See **DOT v. Transportation Comm'n***, 111 Wis. 2d 80, 90, 330 N.W.2d 159 (1983). There, our supreme court examined the term willful in a consumer protection statute that forbid an automobile dealership's willful failure to perform a written agreement with any retail automobile buyer. ***Id.*** at 83-84. The DOT argued that willful meant "intentional or voluntary," in contrast to the defending dealers association, who argued it required "malicious, criminal, or fraudulent intent." ***Id.*** at 83. After a thorough review of the statutory language and context, our supreme court determined that "fraud or malice [were] not elements to be proved where a dealer has not conformed to the requirements [of the statute]." ***Id.*** at 95. "The conduct was not evil; it was not malicious; but it was volitional and intentional." ***Id.*** at 99. It was "enough that a dealer intentionally, i.e., '[willfully],' failed to perform a written agreement with a retail buyer." ***Id.*** at 95. Therefore, we can see distinctions in the understanding of intentional conduct depending on the context and the plain meaning of the language of the statute.

¶21    Further, although the title of WIS. STAT. § 70.502 is "Fraud by member of board of review," a violation can be alleged without pleading that the intentional misconduct was malicious or in bad faith. *See* § 70.502. Our supreme court has distinguished that the facts necessary to support a claim of fraud may not be sufficient to support "a finding of malice, vindictiveness or wanton disregard necessary to justify the imposition of punitive damages." ***Mid-Continent Refrigerator Co. v. Straka***, 47 Wis. 2d 739, 748, 178 N.W.2d 28, 33 (1970). Because again, a finding of intentional conduct may occur without a finding that that the conduct was malicious.

¶22    In WIS. STAT. § 70.502 and §70.503, the legislature imposes civil liability for damages and as well as a monetary forfeiture on a member of a board of review for fraudulent conduct that includes:  intentionally fixing property valuation at more or less than the true value, intentionally omitting property from the assessment, or failing to perform any duty.  The Board of Review urges us to interpret the statute to require that the Board of Review members intended to harm Conway.  We conclude that the acts sanctioned by § 70.502 are intentionally harmful—either to a property owner facing an inflated property tax based on an incorrectly inflated property value or a municipality being unable to impose the full and correct property tax because the property values were artificially reduced. Additionally, our interpretation harmonizes that the statute sanctions harms from intentional misconduct and not harms from negligent or accidental acts.  "We presume that the legislature 'carefully and precisely' chooses statutory language to express a desired meaning." *Industry to Indus., Inc. v. Hillsman Modular Molding, Inc.*, 2002 WI 51, 252 Wis. 2d 544, ¶19 n.5, 644 N.W.2d 236.  Although malice or scienter are generally understood to result from intentional conduct, not all intentional conduct has malice or scienter.  The language chosen by the legislature requires intentional conduct and we do not need to require malice or scienter within that conduct to conclude that an intentional harm occurred.

¶23    We conclude that intentional conduct within WIS. STAT. § 70.502 does not require malice or scienter.  This is in accord with our view that we should "decline to impart an element of scienter where the legislature failed to do so[.]" *DOT*, 111 Wis. 2d at 102.  As occurred in *DOT*, "[n]o element of malicious or evil intent is required by either the statute itself" or under the rationale underlying that an "element of mens rea" is generally necessary with "respect to offenses which carry substantial and mandatory penal sanctions." *Id.*

¶24    Without a requirement of malice, our review of Conway's pleadings, in the light most favorable to her claim, shows that she sets forth a plain statement describing that the Board of Review members intentionally sustained an assessment of the Property that was above its true value. Conway alleged that the Board of Review members were aware that the Assessor's information was incorrect, but sustained it, thus imposing a property value that did not reflect its true, fair, or full value and exposing Conway to an inflated property tax burden. The Board of Review members argue that Conway did not suffer an actual harm because the DOR reassessed the Property and she did not pay excess taxes. However, Conway alleges damages that resulted from the incorrect assessment sustained by the Board of Review—fees for the DOR filing, her DOR appeals representative, and a law firm consultation, as well as her time researching and participating in the DOR hearing. She did not allege that her damages arose out of an overpayment of property taxes, nor did she need to do so to pursue remedies under WIS. STAT. § 70.503. Accordingly, we consider that Conway sufficiently pleaded a cause of action and the circuit court erred to dismiss the action for failure to state a claim upon which relief may be granted. We reverse the circuit court's order dismissing her case.

¶25    The circuit court further concluded that the Board of Review had governmental immunity from Conway's claims because their actions were discretionary. WISCONSIN STAT. § 893.80(4) provides immunity for a "governmental subdivision … for the intentional torts of its officers, officials, agents or employees[.]" It further immunizes government "officers, officials, agents or employees for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." *Id.* This rule has been "collectively interpreted to include any act that involves the exercise of discretion and

judgment." ***Lodl***, 253 Wis. 2d 323, ¶21. However, "intentional torts" by officers, officials, agents or employees are excluded by the plain meaning of the language of the statute. *See **Envirologix Corp. v. City of Waukesha***, 192 Wis. 2d 277, 288, 531 N.W.2d 357 (Ct. App. 1995). The persons affected by this exclusion include the Board of Review members.

¶26 At the outset, we note that the civil liability imposed under WIS. STAT. § 70.503 entitles affected persons "all the remedies given by law in actions for damages for tortious or wrongful acts." Intentional torts include "libel, slander, assault, battery, invasion of privacy, false imprisonment or other intentional tort to the person," WIS. STAT. § 893.57; "breach of the fiduciary duty of loyalty," ***Zastrow v. Journal Commc'ns, Inc.***, 2006 WI 72, ¶40, 291 Wis. 2d 426, 718 N.W.2d 51; bad faith in an insurance contract, "which results from a breach of duty imposed as a consequence of the relationship established by contract," ***Anderson***, 85 Wis. 2d at 687; and "intentional trespass," ***Munger v. Seehafer***, 2016 WI App 89, ¶29, 372 Wis. 2d 749, 890 N.W.2d 22. These acts are all based on intentional tortious conduct. Accordingly, we conclude that the conduct at issue in WIS. STAT. § 70.502 would likewise fall into this exception to immunity.[6]

---

[6] We acknowledge that the one of the four exceptions to governmental immunity is frequently described as "malicious, [willful] and intentional misconduct." ***Lister v. Board of Regents of Univ. Wis. Sys.***, 72 Wis. 2d 282, 302, 240 N.W.2d 610 (1976). This phrasing has been often repeated, but our review has not shown where the appellate courts have analyzed this exception in more than passing. As our supreme court noted, "the legislatively selected policy decision regarding immunity under § 893.80(4) is best honored by applying the legislature's chosen plain language, rather than a judicial distillation thereof." ***Showers Appraisals, LLC v. Musson Bros.***, 2013 WI 79, ¶35, 350 Wis. 2d 509, 835 N.W.2d 226. Therefore, we decline to require malice to apply this exception when intentional misconduct has been successfully pleaded.

¶27 Further, it defies the plain meaning and logic of the statutory language to specifically sanction a government agent's intentional misconduct, but then render it immune under WIS. STAT. § 893.80(4). We echo our supreme court facing a similar argument against applying an older version of the statutory sanction of intentional misconduct by members of the Board of Review:

> Under the law, defendant, as a member of the board of review for an assessment district, is required to perform certain official duties in assessing property, which the Legislature clearly has the right and power to impose. It has provided that any officer who shall intentionally omit to perform such duty shall be subject to a penalty recoverable in a civil action. The officer's obligation to execute the mandates of the law in that respect seems too well settled to require discussion.

*State v. Zillman*, 121 Wis. 472, 478, 98 N.W. 543 (1904). Accordingly, we conclude that the Board of Review members do not have statutory governmental immunity under WIS. STAT. § 893.80(4) for their allegedly intentional misconduct.

¶28 Finally, Conway requests summary judgment in her favor, arguing that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. This we cannot do.[7] "The question of the parties' intent is a question of fact." *Shadley v. Lloyds of London*, 2009 WI App 165, ¶18, 322 Wis. 2d 189, 776 N.W.2d 838. Therefore, we remand this action for further proceedings consistent with this decision allowing Conway to present her claims to a fact-finder.

---

[7] Additionally, Conway requested punitive damages; however, the availability of punitive damages must be determined by the circuit court after the material facts are established.

**CONCLUSION**

¶29 We conclude that Conway has pleaded her cause of action under WIS. STAT. § 70.502 and that the circuit court erred when it dismissed the action. Second, we conclude that under the facts alleged, governmental immunity under WIS. STAT. § 893.80(4) did not apply. Finally, we deny Conway's request for summary judgment. We reverse and remand the action to the circuit court for further proceedings consistent with this decision.

*By the Court.*—Order reversed and remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.